IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-00087-CR-W-NKL |
| ) | |
| ISLAMIC AMERICAN RELIEF ) | |
| AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Pending before the Court is a Motion to Dismiss Defendant Khalid Al-Sudanee from the Second Superseding Indictment. The motion is filed by Defendants Mubarak Hamed, Ali Mohamed Bagegni, Ahmad Mustafa, Abdel Azim Elsiddig, and Mark Siljander [Doc. # 195]. In their motion, Defendants request that the Court enter an order dismissing Counts 1 through 12 of the Second Superseding Indictment, as against Defendant Khalid Al-Sudanee, because the United States and the Court lack jurisdiction over him. Defendants argue that Al-Sudanee is not a "United States person," as defined by certain Executive Orders and, therefore, cannot be subject to a charge and indictment for violating 50 U.S.C. § 1701-06, 18 U.S.C. §§ 2 and 371, and 31 C.F.R. § 575.210. Because the Government has not extradited Al-Sudanee to the United States (or indicated that it intends to make such an effort), Defendants suggest that the Government intends to try Al-Sudanee as an "empty chair" defendant. As a result, Defendants assert that they will be denied due process under

1

the Fifth Amendment and deprived of their right to confront Al-Sudanee under the Sixth Amendment by the use at trial of Al-Sudanee's statements made to U.S. Government agents in a series of meetings that occurred in 2005.

Defendants do not have standing to bring a motion to dismiss the counts against Al-Sudanee, a third party. "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991). However, under limited exceptions, courts have permitted litigants to bring actions on behalf of third parties, as long as three criteria are satisfied: (1) "The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute;" (2) "the litigant must have a close relation to the third party;" and (3) "there must exist some hindrance to the third party's ability to protect his or her own interests." *Id.* (citations omitted). Here, the issue can be decided based on the first element: it is evident that Defendants have not suffered, and will not suffer, any cognizable injury.

The only prejudice Defendants indicate they will suffer is that Al-Sudanee's statements as a co-conspirator will be introduced at trial. Even if Al-Sudanee is dismissed from the Indictment, his statements may still be introduced as co-conspirator statements. *United States v. Frol*, 518 F.2d 1134, 1136 (8th Cir. 1975) ("As a general rule, statements made by a co-conspirator in furtherance of the unlawful association are not hearsay and are properly admissible against all conspirators, whether or not a conspiracy is actually charged."). Further, such statements are admissible even if Al-Sudanee is not charged as a

2

defendant and is absent from the trial.[1]  *United States v. Nixon*, 418 U.S. 683, 701 (1974).

Thus, Defendants will not suffer any injury and are merely raising the rights of Al-Sudanee, which is impermissible.[2]

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss the Second Superseding Indictment as Against Defendant Khalid Al-Sudanee [Doc. # 195] is DENIED.

                                          s/ Nanette K. Laughrey
                                          NANETTE K. LAUGHREY
                                          United States District Judge

Dated: September 21, 2009
Jefferson City, Missouri

---

[1] The Court also agrees with the Government's argument that Al-Sudanee cannot be tried in absentia. *Crosby v. United States*, 506 U.S. 255, 262 (1993). ("The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial.").

[2] Because the Court finds that Defendants do not have standing to raise this issue on behalf of Al-Sudanee, the Court does not reach the merits regarding whether Al-Sudanee can be charged with the offenses listed in Counts 1 through 12.