IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 07-00087-CR-W-NKL |
| ISLAMIC AMERICAN RELIEF ) AGENCY, et al., ) | |
| Defendants. ) | |

O R D E R

Pending before the Court is a Motion to Dismiss Counts 1 through 24 of the Second Superceding Indictment for Unconstitutionally Selective Prosecution filed by Defendants Murabek Hamed, Ali Bagegni, Ahmad Mustafa [Doc. # 200]. In their motion, Movants allege they are selectively prosecuted by the Government because of their Muslim faith and seek dismissal of Counts 1 through 24 of the Second Superceding Indictment ("Indictment"). For the reasons stated below, the Court denies Movants' Motion to Dismiss and concludes that no evidentiary hearing or discovery is required.

**I.  Background**

Movants are charged in various counts of a forty-two count Indictment. Specifically, in Count 1, Movants are charged with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA") and the Iraqi Sanctions Regulations related to the transfer of funds raised in the United States through charitable donations to Iraq. In Counts 2 through

1

12, Movants are charged with substantive violations of IEEPA and the Iraq Sanctions Regulations, related to the transfer of funds to Iraq. In Count 13, Movants are charged with conspiracy to commit money laundering, related to transactions violating the Iraqi Sanctions Regulations. In Counts 14 through 24, Movants are charged with corresponding substantive money laundering offenses. In their motion, Movants seek dismissal of these counts, alleging that they are being prosecuted because they are Muslim.

**II.     Discussion**

The Attorney General and United States Attorneys have broad discretion to enforce federal criminal laws. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Because the Executive Branch delegates to them the constitutional responsibility to "take Care that the Laws be faithfully executed," a presumption of regularity supports prosecutorial decisions. *Id.* As a result, without clear evidence to the contrary, courts presume that prosecutors have properly discharged their official duties. *Id.* However, constraints on prosecutorial discretion are imposed by the Equal Protection Clause of the Fifth Amendment, which requires that a decision to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Selective prosecution is established by "clear evidence" of both a "discriminatory effect" and a "discriminatory purpose." *Id.* at 465.

In this case, to establish a *prima facie* case of selective prosecution, Movants must demonstrate that (1) they were "singled out for prosecution while others similarly situated were not prosecuted for similar conduct"; and (2) the decision to prosecute them was based

on an impermissible motive such as religion. *United States v. Huber*, 404 F.3d 1047, 1054-55 (8th Cir. 2005) (quoting *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998)). The Movants' burden is a heavy one because "[a]bsent a substantial showing to the contrary, governmental actions such as the decision to prosecute are presumed to be motivated solely by proper considerations." *United States v. Deering*, 179 F.3d 592, 595 (1999).

Moreover, whether to hold an evidentiary hearing or grant discovery on the selective prosecution issue is within the sound discretion of the Court. *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004). To obtain discovery, there must be "at least some credible showing of differential treatment of similarly situated members of other races or a protected class." *Id.* For the reasons stated below, the Court finds that Movants cannot satisfy their *prima facie* burden and discovery and an evidentiary hearing are not warranted.

### A. *Prima Facie* case

Movants assert that similarly situated individuals have not been prosecuted, arguing that non-Muslim Americans, who have admitted to sending delegations to Iraq and to taking medicine and other assistance to Iraq "in open violation of the Sanctions regulations," were not punished. In support of their motion, Movants rely on 1) letters posted on a website that were allegedly written to Judge Murdue in 2004 in a case from the United States District Court for the Northern District of New York, *United States v. Rafil Dhafir*, No. 03-00064 (filed Feb. 19, 2003), regarding groups who have sent delegations to Iraq; 2) a newspaper article written in the *St. Paul Pioneer Press* regarding residents who traveled to Iraq with medical supplies; 3) an internet press release from 2001, discussing trips taken to Iraq led by

3

former U.S. Attorney General Ramsey Clark;[1] and 4) an internet press release from 2002 regarding Mr. Clark's "fact-finding peace delegation" trip to Iraq. Movants also rely on a conversation counsel for Mustafa had in April 2009 with a "senior member" of the organization founded by Mr. Clark who explained that "to the best of his knowledge none of the hundreds of [the organization's] non-Muslim participants was ever subjected to criminal prosecution." Movants further claim that non-Muslims were "slapped on the wrist with civil fines" for making trips to Iraq to provide medical supplies and those who traveled to Iraq to act as human shields were given prior notice that they could be fined.

Movants' assertions fall short of satisfying their burden to produce clear evidence that similarly situated individuals of other religions could have been prosecuted but were not. *See, e.g.*, *United States v. Lewis*, 517 F.3d 20, 27 (1st Cir. 2008) ("A multiplicity of factors legitimately may influence the government's decision to prosecute one individual but not another. These may include, the comparability of the crimes, the similarities in the manner in which the crimes were committed, the relative efficacy of each prosecution as a deterrent, and the equivalency of the evidence against each prospective defendant." (citations omitted)); *United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000) ("We define a 'similarly situated' person for selective prosecution purposes as one who engaged in the same type of conduct,

---

[1] This article suggests that there appear to be both Muslim (American Muslims for Global Peace & Justice and the American Muslim Counsel) and non-Muslim (International Peace Project and Veterans for Peace) organizations participating in Mr. Clark's "Iraq Sanctions Challenge" to defy United States' and United Nations' imposed sanctions by taking supplies to Iraq without proper licenses. Thus, Movants' evidence demonstrates that there were both Muslim and non-Muslim organizations who violated the sanctions and were not prosecuted.

4

which means that the comparator committed the same basic crime in substantially the same manner as the defendant–so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan–and against whom the evidence was as strong or stronger than that against the defendant.").

Movants' anecdotes do not suggest any significant similarity between Movants' situation and the other situations to which they refer. The alleged crimes charged against Movants are based on elaborate, complex and long-standing schemes which involved indirectly routing large sums of money to Iraq. The crimes also involved knowingly making false and misleading statements to various governmental agencies, as well as stealing and misusing government funds. Indictment, ¶¶ 44-61. In contrast, the Movants' anecdotes refer to persons openly bringing in goods and services to Iraq. The fact that some organizations, both Muslim and non-Muslim, openly violated the Iraq Sanctions Act does not make them similarly situated. There are numerous factors why a prosecutor may elect to prosecute some violations of the Iraq Sanctions Act, such as the quantity of money involved, the secretive nature of the violation, and the extent to which government money was improperly used. Movants have not presented any evidence of similarly situated non-Muslim individuals who committed similar offenses but were not prosecuted.

Likewise, the Movants have not shown any evidence of religious animus. The non-Muslims identified by the Movants are not similarly situated. Further, some of the persons in the group not prosecuted by the Government, were Muslim. There is nothing to suggest

that the prosecutors involved in this case were in any way motivated by religious animus.

### B. Evidentiary Hearing and Discovery

Absent some credible and persuasive evidence of discriminatory prosecution, discovery and a hearing are not warranted. *Armstrong*, 517 U.S. at 468; *United States v. Leathers*, 354 F.3d 955 (8th Cir. 2004); *United States v. Hirsch*, 360 F.3d at 864 (affirming district court's denial of motion for evidentiary hearing where defendant failed "to produce at least some credible showing of differential treatment of similarly situated members of other races or a protected class."). As previously discussed, there is insufficient evidence to show that Movants are similarly situated to the non-Muslims who were not prosecuted for violating the Iraq sanction law. There is also no evidence that the prosecutors in this case harbor any racial animus. In the absence of any such evidence, discovery and hearing on the issue is not warranted. *See United States v. Alameh*, 341 F.3d 167, 172 (2d Cir. 2003).

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. # 200] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 21, 2009
Jefferson City, Missouri